IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HARRY LLOYD HOWARD,

    Plaintiff,                    No. 2:09-cv-01970 KJN P

    vs.

MATTHEW CATE, Secretary,
California Department of Corrections
and Rehabilitation, et al.,

    Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. On July 24, 2009, plaintiff consented to proceed before a Magistrate Judge (Dkt. No. 4). See 28 U.S.C. § 636(c).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court

1

will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  However, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  Lucas v. Department of Corrections, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

(1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

        In the present complaint, plaintiff names as defendants Matthew Cate, as Secretary, California Department of Corrections and Rehabilitation ("CDCR"), and "John Does 1-50." Plaintiff alleges that he was "legally convicted . . . of murder," and sentenced to state prison for a period of "25 years to life," as authorized by California Penal Code section 190. (Dkt. No. 1, at 2.) Plaintiff was convicted and sentenced in 1990. See Howard v. D.K. Sisto, et al., Case No. 2:08-cv-1392 JAM CMK P (denying as untimely plaintiff's petition for a writ of habeas corpus challenging his April 1990 conviction). Plaintiff now contends that his sentence of "25 years to life" is improperly "indeterminate" and should be construed as a "determinate" with a minimum eligible parole date ("MEPD") of 25 years. (Dkt. No. 1, at 4-5.) Plaintiff asserts that Penal Code section 1170.2— which provides for the retroactive application of the Determinate Sentence Law, by application of the sentencing provisions of Section 1170, to sentences based on felonies committed prior to July 1, 1977—should also apply to post-1977 indeterminate sentences, such as "25 years to life," and thus provide for a MEPD as well as the application of good-time credits or, alternatively, work credits. Plaintiff cites In re Jeanice D., 28 Cal. 3d 210 (1980) (finding "25 years to life" to be an indeterminate sentence), and In re Neal, 114 Cal. App. 3d 141 (1980) (noting that the Determinate Sentence Law generally requires imprisonment for a fixed term with a specified parole release date).

3

Plaintiff contends that his current indeterminate sentence is "unconstitutional in its application and [as] carried out by the Defendant," and thus "undermin[es] plaintiff's protected liberty interest in having [his] prison sentence executed lawfully," thereby denying plaintiff due process and equal protection of the law. (Dkt. No. 1, at 3, 4, 5.) Plaintiff seeks declaratory and injunctive relief requiring, inter alia, that plaintiff not be classified as a "Life Prisoner" and "prevent[ing] Defendant from using suitability requirements for parole against plaintiff." (Id. at 7.)

Significantly, plaintiff has previously set forth very similar arguments in a case dismissed by this court in 2006 because plaintiff's contentions are grounded in habeas. See Howard v. County of Orange, et al., Case No. 06-1863 MCE CMK P. The court then found:

> The first amended complaint reveals that plaintiff's action suffers from a fatal defect. Specifically, plaintiff asks this court to declare that he was improperly sentenced. While plaintiff is correct that this claim does not necessarily challenge the length of his confinement or the fact of his guilt, if successful it would require this court to vacate a state court judgment. This is something the court can only do in the context of a request for habeas corpus relief and, even then, only after all state court remedies have been exhausted. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam); see also Edwards v. Balisok, 520 U.S. 641, 646 (1987); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994). Therefore, this action should be dismissed without prejudice to seeking appropriate relief from the state courts.[1]

Howard v. County of Orange, et al., Case No. 06-1863 MCE CMK P (Dkt. No. 9, at 4).

The instant action must be dismissed for the same reasons. As the Supreme Court has emphasized, "[Section] 1983 must yield to the more specific federal habeas statute with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the

---

[1] If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See Trimble, 49 F.3d at 586. Rather, such claims must be dismissed without prejudice. See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585. (Fn.3 in the quoted text.)

4

'core' of habeas corpus and are thus not cognizable when brought pursuant to § 1983." Nelson v. Campbell, 541U.S. 637, 643 (2004) (citations omitted).

The court notes, however, that even if raised pursuant to a petition for writ of habeas corpus, plaintiff's contentions face both substantive and timing hurdles. See, e.g., Alley v. Carey, 2008 WL 3286778 (E.D. Cal. 2008) (rejecting similar arguments in part because petitioner's state law challenges were not cognizable on federal habeas review); Brown v. Dexter, 2008 WL 4820762 (C.D. Cal. 2008) (same, as well as noting that "the crux of the claim is that the sentence [petitioner] received in 1987 is illegal . . . [which] is barred by [the] relevant limitations period); see also, People v. Felix, 22 Cal. 4th 651 (2000) ("both straight life sentences and sentences of some number of years to life are indeterminate sentences not subject to the DSA [Determinate Sentence Law]"). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). A state prisoner may obtain federal habeas relief only by demonstrating a violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Little v. Crawford, 449 F.3d 1075, 1083 (9th Cir. 2006).

Because it is clear that no amendment can cure the defect of the instant complaint, this court will dismiss without leave to amend.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed without leave to file an amended complaint.

////

5

4. This action is dismissed without prejudice.

DATED: November 22, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

howa1970.14kjn.wpd